IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 23-cv-00632-NYW-KAS

ALAN R. STORY,

        Plaintiff,

v.

SCOT BINGHAM, Principal, Broadway Elementary School,
KARI LONG DWORKIN, Teacher, Broadway Elementary School, and
MATT HARDIN, Conflict of Interest, School Board Member,

        Defendants.
_____

**ORDER AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**
_____
**ENTERED BY MAGISTRATE JUDGE KATHRYN A. STARNELLA**

        This matter is before the Court on the Court's **Order to Show Cause** [#19],[1] issued

on September 1, 2023, addressing the fact that Defendants have not been served with a

summons and the operative complaint in this action and, therefore, are not currently

proper parties.

        Plaintiff, who proceeds as a pro se litigant, filed this lawsuit on March 10, 2023.

*See* [#1].  The Court subsequently issued an Order [#9] directing him to file an Amended

Complaint, which he did on May 1, 2023. *See* [#11].

        As noted by the Court in the Order to Show Cause [#19], pro se litigants must

follow the same procedural rules that govern other litigants. *Nielsen v. Price*, 17 F.3d

1276, 1277 (10th Cir. 1994). Pursuant to Fed. R. Civ. P. 4(m), "[i]f a defendant is not

_____

[1] "[#19]" is an example of the convention the Court uses to identify the docket number assigned
to a specific paper by the Court's case management and electronic case filing system (CM/ECF).
This convention is used throughout this Order and Recommendation.

served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Ninety days from the Amended Complaint's filing on May 1, 2023, was July 31, 2023. Currently, the electronic docket contains no indication that Defendants have been served with a Summons and the Amended Complaint [#11]. Plaintiff's lawsuit cannot proceed unless and until Defendants are properly served or, if appropriate, have waived service.

Based on these circumstances, the Court issued the Order to Show Cause [#19] ordering Plaintiff to respond by September 22, 2023, by filing either (1) proof of service on or waiver of service by Defendants or (2) a response to the Order to Show Cause [#19] demonstrating good cause for his failure to serve Defendants to date. Plaintiff was warned, in bold typeface, that "failure to comply with this order will result in a Recommendation that his case be dismissed for failure to serve Defendants, failure to comply with a Court order, and/or failure to prosecute his lawsuit." *Order to Show Cause* [#19] at 2. To date, Plaintiff has neither responded to the Order to Show Cause [#19] nor sought an extension of time in which to do so.

**A.      Rule 4(m)**

Rule 4(m) provides, in relevant part:

If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Here, Plaintiff's lawsuit was filed March 10, 2023, *see* [#1]. On March 31, 2023, the Court ordered Plaintiff to file an amended complaint to cure deficiencies. *Order* [#9]. Plaintiff

filed the Amended Complaint [#11] on May 1, 2023. More than ninety days have passed since the Amended Complaint [#11] was filed. In violation of the Order to Show Cause [#19], Plaintiff has not demonstrated good cause by showing that an extension of time will likely result in service on Defendants. *See Nielson*17 F.3d at 1277 (stating that pro se litigants must follow the same procedural rules that govern other litigants). "Because the Court is dismissing the case under Rule 4(m) which provides that the court 'must' dismiss the [defendant without prejudice] if good cause is not shown, the *Ehrenhaus* factors [discussed by the Court below] are not relevant." *Sandoval v. McKinley Cnty. Adult Det. Ctr.*, No. 20-cv-00162-KWR-JFR, 2020 WL 5110624, at *3 (D.N.M. Aug. 31, 2020).

Accordingly, the Court **recommends** that Plaintiff's claims against Defendants be **dismissed without prejudice** pursuant to Fed. R. Civ. P. 4(m).

**B.     Rule 41(b)**

In addition, or in the alternative, the Court also recommends dismissal pursuant to Rule 41(b), which provides in relevant part: "If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subsection (b) . . . operates as an adjudication on the merits." Although Rule 41(b) explicitly permits a defendant to file a motion to dismiss, the Tenth Circuit Court of Appeals has stated that the rule "has long been interpreted to permit courts to dismiss actions sua sponte for a plaintiff's failure to prosecute or comply with the rules of civil procedure or court's orders." *Olsen v. Mapes*, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003).

Based on the information currently before the Court, it appears that Plaintiff is unable to adequately pursue his litigation against Defendants. Thus, the Court considers

whether Plaintiff's lawsuit should be dismissed pursuant to Fed. R. Civ. P. 41(b). *See Rogers v. Andrus Transp. Servs.*, 502 F.3d 1147, 1151 (10th Cir. 2007) (noting that a district court has inherent authority to consider sua sponte whether a case should be involuntarily dismissed due to plaintiff's failure to prosecute). As discussed below, the Court finds that it should be.

Typically, the Court is inclined to recommend dismissal without prejudice under circumstances such as these where a plaintiff is unable or unwilling to continue litigating his claims early in the litigation process, because dismissal with prejudice "represents an extreme sanction appropriate only in cases of willful misconduct," and should be used "as a weapon of last, rather than first, resort." *Ehrenhaus v. Reynolds*, 965 F.2d 916, 920 (10th Cir. 1992) (internal quotation marks omitted); *see Butler v. Butierres*, 227 F. App'x 719, 720 (10th Cir. 2007) (remanding on issue of dismissal with prejudice for determination of willfulness). In some circumstances, however, dismissal without prejudice effectively serves as a dismissal with prejudice due to the statute of limitations. Here, it is unclear from the Amended Complaint [#11] whether Plaintiff's claims may be barred by the statute of limitations if dismissed. *See, e.g.*, *Am. Compl.* [#11] at 3 (mentioning the First Amendment and the Ninth Amendment but containing no dates of the alleged conduct); *Braxton v. Zavaras*, 614 F.3d 1156, 1159 (10th Cir. 2010) (stating that the statute of limitations for § 1983 actions brought in Colorado is two years from the time the cause of action accrued).

The Court ultimately recommends dismissal without prejudice, as discussed below, and the Court typically need not examine the *Ehrenhaus* factors where dismissal is without prejudice. *See Banks v. Katzenmeyer*, 680 F. App'x 721, 724 (10th Cir. 2017)

(stating that the *Ehrenhaus* analysis is not necessary where dismissal under Rule 41(b) is without prejudice). However, given that Plaintiff's claims may be barred by the statute of limitations, and given that dismissal of the claims may therefore act, in full or in part, as dismissal with prejudice, the Court nevertheless examines the *Ehrenhaus* factors out of an abundance of caution.

In *Ehrenhaus*, 965 F.2d at 921, the Tenth Circuit Court of Appeals enumerated the factors to be considered when evaluating grounds for dismissal of an action: "(1) the degree of actual prejudice to the defendant[s]; (2) the amount of interference with the judicial process; . . . (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions." *See also Gates Rubber Co. v. Bando Chem. Indus.*, 167 F.R.D. 90, 101 (D. Colo. 1996). "[D]ismissal is warranted when 'the aggravating factors outweigh the judicial system's strong predisposition to resolve cases on their merits.'" *Ecclesiastes 9:10-11-12, Inc. v. LMC Holding Co.*, 497 F.3d 1135, 1144 (10th Cir. 2007) (quoting *Ehrenhaus*, 965 F.2d at 921).

Regarding the first factor, i.e., the degree of actual prejudice to Defendants, the Court finds that Defendants have, to date, incurred at least some prejudice. While this prejudice thus far has not been egregious, this lawsuit was filed on March 10, 2023, and any type of extended delay may prejudice Defendants' ability to fully litigate this lawsuit, given that delays of this nature allow "memories to fade and documents to disappear." *Trump v. Vance*, 140 S. Ct. 2412, 2430 (2020). The Court's present inability to hold a Scheduling Conference, and thus the delay in commencement of the discovery period,

additionally prejudices Defendants' ability to litigate this case. Accordingly, the Court finds that this factor weighs in favor of dismissal of Plaintiff's claims against Defendants.

Regarding the second factor, i.e., the amount of interference with the judicial process, the Court finds that the effective administration of justice has necessarily been interfered with by giving Plaintiff multiple opportunities to fully litigate his lawsuit since the inception of this case. Service on Defendants "is a fundamental step necessary for the case to begin." *Sandoval*, 2020 WL 5110624, at *4. Plaintiff's inability to timely litigate his case against Defendants has delayed the start of discovery in this case, which was filed on March 10, 2023. "The justice system is clogged as new cases arise while old cases are still on the dockets." *United States v. Lutcher*, No. 4:20-cr-00022-DN-DBP, 2020 WL 6434790, at *2 (D. Utah Nov. 2, 2020). Accordingly, the Court finds that this factor weighs in favor of dismissal of Plaintiff's claims against Defendants.

Regarding the third factor, i.e., the culpability of the litigant, there is no indication that any party or non-party other than Plaintiff is responsible for the current state of his lawsuit. Plaintiff was previously informed that he was required to effect service of the summons and operative complaint on Defendants. *Order to Show Cause* [#19] at 1-2. Accordingly, the Court finds that this factor weighs in favor of dismissal of Plaintiff's claims against Defendants.

Regarding the fourth factor, i.e., whether the Court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance, Plaintiff has been warned that failure to adequately litigate his case could or would result in a recommendation to dismiss Plaintiff's action. *See Order to Show Cause* [#19] at 2. Although Plaintiff is proceeding pro se, he is required to read and follow the rules and

orders of the Court. *Green v. Dorrell*, 969 F.2d 915, 917 (10th Cir. 1992). Thus, there should be no surprise to Plaintiff that his inability to litigate his case could result in dismissal of his claims. Accordingly, the Court finds that this factor does not prevent a recommendation that Plaintiff's claims be dismissed.

Regarding the fifth and final factor, i.e., the efficacy of lesser sanctions, the Court concludes that no sanction less than dismissal would be effective. Nothing in the record before the Court suggests that, if given more time, Plaintiff would be able to serve Defendants. Allowing further opportunities is likely to be ineffective based on the current record. Further, a monetary sanction would be ineffective because it would bear no relationship to the issue at the heart of this Recommendation. Under these circumstances, no lesser sanction is warranted and dismissal is the appropriate result. Accordingly, the Court finds that this factor weighs in favor of dismissal of Plaintiff's claims.

**C.     Conclusion**

Based on the foregoing,

IT IS HEREBY **ORDERED** that the Order to Show Cause [#19] is **MADE ABSOLUTE**.

IT IS FURTHER **RECOMMENDED** that Plaintiff's claims against Defendants be **DISMISSED without prejudice**.

IT IS FURTHER **ORDERED** that any party may file objections **within 14 days** of service of this Recommendation. In relevant part, Fed. R. Civ. P. 72(b)(2) provides that, "within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and

recommendations. A party may respond to another party's objections within 14 days after being served with a copy." "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. 2121 E. 30th St.*, 73 F.3d 1057, 1060 (10th Cir. 1996). The objection must be "sufficiently specific to focus the district court's attention on the factual and legal issues that are truly in dispute." *Id.* "[A] party who fails to make a timely objection to the magistrate judge's findings and recommendations waives appellate review of both factual and legal questions." *Morales-Fernandez v. I.N.S.*, 418 F.3d 1116, 1119 (10th Cir. 2005).

Dated: October 10, 2023                    BY THE COURT:

Kathryn A. Starnella
United States Magistrate Judge